UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARIEL ENRIQUE-GARCIA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-04207-DAD-AC (HC)

ORDER GRANTING SECOND AMENDED PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 17, 21)

On June 1, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 4, 2026, the assigned magistrate judge granted petitioner's motion to proceed *in forma pauperis* and motion to appoint counsel. (Doc. No. 7.) On July 13, 2026, appointed counsel filed a first amended petition for writ of habeas corpus on behalf of petitioner. (Doc. No.

/////

/////

/////

14.) Following the magistrate judge's order requesting clarification[1], petitioner, through counsel, filed a second amended petition for writ of habeas corpus. (Doc. No. 17.)

On November 2, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 22.) Respondent was further directed to state any opposition that he had to the court's intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of his position in this regard in his opposition. (*Id.*)

On November 4, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order "stand[ing] on its prior responsive pleading." (Doc. No. 23.) In its previously filed response (Doc. No. 19), respondent argued that this case is distinguishable from the cases cited in the court's order because petitioner is subject to detention pursuant to 8 U.S.C. § 1231(a)(6). (*Id.* at 1.) Respondent also alleges that petitioner is in possession of a travel document and that he has refused to cooperate with his removal. (*Id.*) Respondent has not indicated any opposition to this court ruling directly on the merits of the underlying petition. Moreover, respondent does not request a hearing and does not intend to file any additional affirmative briefing. (*Id.*) Accordingly, the court will rule on the merits of the petition based upon the briefing presently before it.

Based upon the parties' submissions, the court finds the following facts. Petitioner is a national of Cuba who entered the United States without inspection, admission, or parole, and thereafter requested asylum. (Doc. No. 17 at ⁋ 1; 19 at 1.) Petitioner is the subject of a final

/////

---

[1] The magistrate judge noted that the first amended petition contained internally inconsistent factual representations including that petitioner was the subject of a final order of removal and simultaneously alleging petitioner was subject to detention under § 1226(a) (i.e., the pre-final order removal detention statute). The magistrate judge also noted that a routine check of the EOIR Automated Case Information System revealed that petitioner was ordered removed from the United States on February 25, 2021, and that no appeal of that removal order had been filed. (Doc. No. 15.)

order of removal dated February 25, 2021. (Doc. No. 17 at ⁋ 2; 19–20.) Thereafter, petitioner was released by immigration authorities and placed on an order of supervision. (*Id.*) In addition, petitioner has represented that, after the removal order became final, he entered a plea of guilty to a charge of unlawful access or interference with computers on October 13, 2025, in Nevada state court and anticipated a probationary sentence but was detained by immigration authorities prior to his sentencing. (*Id.* at ⁋ 3.) In this regard, on or about December 11, 2025, ICE re-detained petitioner after encountering him at a county jail. (*Id.* at 1; 19 at 1.) There is no indication that petitioner was provided advance notice or a hearing before ICE re-detained him.[2] Respondents have submitted evidence of their intention to remove petitioner to Mexico, a third country not listed in his removal order. (Doc. No. 19 at 26.) Respondents argue that petitioner has failed to cooperate with his removal to Mexico, and thus he may be detained past the presumptive-six-month period on post-removal order detention identified by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. No. 19 at 3–4).

A routine check of the Immigration Court Automated Case Information System ("ACIS") confirms that on February 25, 2021, an immigration judge ("IJ") ordered petitioner removed.[3] (*See* Automated Case Information System, *available at:* https://acis.eoir.justice.gov/en/).

/////

/////

[2] Respondent offers evidence that petitioner received a custody determination form (Form I-286) and a Warrant for Arrest of Alien (Form I-200) from the Department of Homeland Security on the same day he was re-detained. (Doc. No. 8 at 6, 16.) However, it is unclear whether a hearing was provided prior to or contemporaneously with the issuance of this notice, and is also unclear whether notice was provided to petitioner before he was re-detained. While the Record of Deportable Alien (Form I-213) issued on April 21, 2026, indicates that "Tampa ERO issued [petitioner]" the custody re-determination decision, no evidence of that has been provided to the court.

[3] The court takes judicial notice of the date of the IJ's order. *See Gahuin Aisalla v. Noem*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1113793, at *1 (E.D. Cal. Apr. 24, 2026) (taking judicial notice of an appeal pending before the BIA based on a search of the EOIR's automated case information system), *report and recommendation adopted*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1215602 (E.D. Cal. May 4, 2026).

The ACIS system further reflects that petitioner's removal order was not appealed and is, therefore, final.[4] (*Id.*)

In *Zadvydas*, the Supreme Court construed § 1231(a)(6) to only authorize detention for a period reasonably necessary to secure removal, that "six months is a presumptively reasonable period" and that, after six months of detention following entry of a removal order, "if the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the alien." *Jennings v. Rodriguez*, 583 U.S. 281, 298–99 (2018) (internal quotation marks omitted). The Ninth Circuit has stated that, "*Zadvydas* places the burden on the [noncitizen] to show, after a detention period of six months, that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The [respondents] must then introduce evidence to refute that assertion." *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003) (internal quotation marks omitted). Here, petitioner has clearly met his initial burden of showing there is good reason to believe he will not be removed in the reasonably foreseeable future because he was ordered removed to Cuba in 2021 and in the subsequent five (5) years his removal has not yet been effectuated. *See e.g., Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1011 (D. Nev. 2025) (finding that the granting of a withholding of removal application satisfied the petitioner's burden to show there is good reason to believe that he would not be removed in the reasonably foreseeable future); *see also Singh v. Warden*, No. 1:26-cv-01242-DAD-JDP, 2026 WL 1413253, at *2–3 (E.D. Cal. May 20, 2026) (same).

Respondents argue that petitioner has failed to meet his burden because he has not complied with respondents' efforts to remove petitioner to the third country of Mexico. (Doc.

/////

[4] Because the appellate window has closed and the removal order is now final, the 90-day mandatory detention period set forth in 8 U.S.C. § 1231(a)(2) applies. *Ocampo v. Holder*, 629 F.3d 923, 926 (9th Cir. 2010) (noting that "a removal order is final only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order."); *see also* 8 C.F.R. § 1003.3, 1003.38 (providing that, with limited exceptions, where an IJ has adjudicated an asylum application, appeals are due within 30 calendar days of the IJ's decision). Once the mandatory 90-day removal period ends, ICE may continue to detain a noncitizen for certain discretionary reasons. 8 U.S.C. § 1231(a)(2).

No. 19 at 26.) The Ninth Circuit has held that where a noncitizen "refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the [noncitizen cannot meet his or her burden to show there is no significant likelihood of removal in the reasonably foreseeable future" in light of the statutory authority located at 8 U.S.C. § 1231(a)(1)(C). *Lema v. I.N.S.*, 341 F.3d 853, 856 (9th Cir. 2003). That statutory section permits tolling of the 90-day removal period if the noncitizen fails to "make timely application in good faith for travel or other documents necessary . . . to prevent the [noncitizen]'s removal *subject to an order of removal*." 8 U.S.C. § 1231(a)(1)(C) (emphasis added). Here, however, there is no order that petitioner be removed to Mexico. Respondent's argument appears to be that, because petitioner is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to, he may be detained indefinitely.

As one district court aptly observed, "[r]espondents may not rely on petitioner's refusal to go along with their *improper* efforts to remove him to a third country as a basis for denying him habeas relief." *Boza-Rosales v. Blanche*, — F. Supp. 3d —, 2026 WL 1412456, at *3 (W.D. Wash. May 15, 2026) (emphasis added); *see also Castillo Rivas v. Bondi*, No. 26-cv-00134-KKE, 2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026) (evaluating whether the respondents' representation that Mexico accepts third country removals rebutted the petitioner's showing that Mexico will not accept any third country removal who does not voluntarily consent).

Moreover, a review of 8 C.F.R. § 241.14 shows that the governing regulations do not permit detention where "there is no significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future[]" except where certain special circumstances are present. Here, respondent has not argued the presence of any of these special circumstances.

The court adopts its reasoning set forth in *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *4–5 (E.D. Cal. Aug. 20, 2025) and *Ruiz-Acosta v. Central Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026), and concludes that respondent has not demonstrated changed circumstances regarding the likelihood of petitioner's removal in the reasonably foreseeable future as is required to justify

/////

revocation of petitioner's release and his detention. Accordingly, the court will grant the pending petition.

For the reasons stated above,

1. Petitioner's second amended petition for writ of *habeas corpus* (Doc. No. 17) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Ariel Enriquez-Garcia, A-File No. 216-928-251, under the same conditions he was subject to, if any, prior to re-detaining him on or about December 11, 2025;

    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge;

2. Petitioner's motion for temporary restraining order (Doc. No. 21) is DENIED as having been rendered moot by this order granting *habeas* relief;

3. The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 11, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE